# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7439 | **DATE** | 4/14/2003 |
| **CASE TITLE** | Teldata Control, Inc. vs. County of Cook, Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to dismiss (6-1, 7-1) but stays the case pending arbitration of the parties' factual disputes pursuant to the Agreement. The case is set for a status hearing on July 22, 2003 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 21 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DS | courtroom deputy's initials | 03 APR 19 AM 11:49 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TELDATA CONTROL, INC., )
)
    Plaintiff, )
)
vs. ) Case No. 02 C 7439
)
COUNTY OF COOK, ILLINOIS, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Teldata Control, Inc. has sued Cook County for breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit. These claims arise from the County's alleged failure to pay commissions to Teldata after it performed an audit of the County's telecommunication system and discovered that Cook County had been substantially overcharged by its long distance provider. The case is before the Court on the County's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Factual background

Teldata is a New Jersey corporation that provides consulting services to its clients for the management of voice, data, and information services. In 2001, Teldata contracted with Cook County to perform an audit of the County's local and long distance telephone charges. On January 23, 2001, the parties executed a contract (the "Agreement") that governed Teldata's

1

work for the County. The Agreement provided for Teldata to be paid 34% of any refunds it secured for the County (32% for amounts over $100,000). The Agreement also contained an arbitration clause stating that "[e]xcept as otherwise provided in this Contract, any dispute between Contractor and County concerning a question of fact arising under this Contract and not resolved will be decided by the [Cook County] Purchasing Agent. . . . The decision of the Purchasing Agent shall be final and binding. Dispute resolution as provided herein shall be a condition precedent to any other action in law or in equity." Agreement, ¶ GC-30.

## Discussion

When considering a motion to dismiss for failure to state a claim, the Court reads the complaint liberally, granting the motion only if it is certain that the plaintiff can prove no set of facts in support of that claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). The County argues that Teldata has failed to state a claim because the Agreement's arbitration clause requires the claims to be submitted to arbitration.

### A.   Enforceability of the arbitration provision

Teldata first contends that the arbitration clause is unenforceable because the arbitrator, the Cook County Purchasing Agent, is a Cook County employee and therefore cannot possibly be impartial. Teldata relies both upon the Federal Arbitration Act ("FAA") and Illinois common law.

The FAA allows a federal court to vacate an award resulting from arbitration if one of the

2

parties can show that there was "evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2). However, section 10(a)(2) does not inexorably require a disinterested arbitrator. *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 620 (7th Cir. 2002). Indeed, "[p]arties are free to choose for themselves to what lengths they will go in quest of impartiality." *Id.* Teldata does not suggest that it lacked real bargaining power in negotiating the Agreement or that the Agreement amounted to a contract of adhesion. Under these circumstances, the designation of a County employee as the arbitrator does not render the agreement to arbitrate unenforceable under the FAA. "To the extent that an agreement entitles parties to select interested (even beholden) arbitrators, §10(a)(2) has no role to play." *Id.*

In arguing that the arbitration provision is unenforceable, Teldata relies on *Commonwealth Coatings v. Continental Gas*, 393 U.S. 145 (1968), for the proposition that "being on one side's payroll is a form of partiality condemned by § 10(a)(2)." *Id.* at 150. In *Commonwealth*, however, the business relationship between the supposedly neutral arbitrator and one of the contracting parties was withheld from the other side at the time the arbitrators were appointed. *Id.* at 146. This is clearly not the situation in this case; Teldata negotiated the Agreement and its arbitration provision knowing full well that the arbitrator was a Cook County employee.

Teldata also argues that the arbitration clause is unenforceable as a matter of Illinois common law. Illinois courts have, on occasion, found an arbitration clause so unconscionable that it should not be enforced. *See, e.g., Anderson v. Prah Conveyors, Inc.*, 69 Ill. App. 2d 224,

3

216 N.E.2d 252 (1966); *Grane v. Grane*, 130 Ill. App. 3d 332, 473 N.E.2d 1366 (1985). However, like the FAA, Illinois law requires that the arbitrator actually show impartiality in the arbitration proceedings or that there be fraud in the appointment of a supposedly neutral arbitrator. *Anderson*, 69 Ill. App. 2d at 231, 216 N.E.2d at 255-56 (holding that because the defendant, which was not only a party to the contract but also the appointed arbitrator of the dispute, had proved in the past that it could not be fair, it would be unconscionable to hold the plaintiff to the arbitration agreement); *Grane*, 130 Ill. App. 3d at 344, 473 N.E.2d at 1373-74 (holding that "fraud and collusion on the part of the arbitrator will warrant vacating an award, for a party to an arbitration proceeding has a right to the judgment of disinterested and honest men."). Because the Cook County Purchasing agent has not previously demonstrated partiality, because there is no allegation of fraud or deceit, we reject Teldata's argument that the arbitration clause is unenforceable under Illinois law.

In light of our resolution of this issue, the Court need not definitively decide at this point whether the FAA or Illinois law will govern when it comes time to review and apply the arbitrator's determinations.

### B. Whether the Arbitration Clause Governs this Dispute

Teldata further contends that the arbitration clause does not govern this dispute because the it applies only to questions of fact, and this dispute does not involve a question of fact. To determine whether a narrowly drafted arbitration clause like this one applies to a dispute, courts look at the language of the contract itself. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174

F.3d 907, 909 (7th Cir. 1999). However, if the contract is ambiguous, "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 639 (7th Cir. 2002). The agreement to arbitrate is binding "unless it may be said with positive assurance that [it] is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).[1]

The Court cannot say with positive assurance that the arbitration clause does not govern the parties' dispute. Whether the determination of the parties' dispute ultimately will turn on questions of fact or questions of law is unclear at this early stage. But the County credibly contends that the dispute involves issues regarding what services Teldata actually performed for Cook County and the amount of money owed. These issues involve questions of fact. Under the circumstances, the arbitration clause applies to Teldata's breach of contract and breach of covenant claims (Counts 1, 2, and 3).

### C. Count 4 - Quantum Meruit

Teldata last contends that Count 4 of the complaint, a claim for quantum meruit, should not be subjected to arbitration because such a claim does not arise directly from the contract. However, if the basis of a quantum meruit claim can be read to fit within an arbitration clause, arbitration should be ordered – particularly if the quantum meruit claim essentially involves, as it

---

[1] Teldata does not suggest that Illinois law sets a different rule of interpretation.

5

does here, an alternate theory of breach of contract. *See U.S. & Intern. Travel & Tours, Inc. v. Tarom-S.A., S.C. Compania Nationala de Transporturi Aeriene Romane*, 98 F. Supp. 2d 979, 980 (N.D. Ill. 2000).

In this case, it appears that the quantum meruit claim will rest upon the same questions of fact involved in Teldata's breach of contract claims. It is therefore appropriate to withhold judicial determination of the quantum meruit claim until the arbitrator has resolved any such questions.

### D. Stay or dismissal

Although the Court has concluded that the parties' dispute is subject to arbitration, dismissal of Teldata's claims is not the appropriate remedy. The general rule is that a district court should retain jurisdiction over a suit that it sends to arbitration if there might later be grounds for reinstating it. *See, e.g., Tice v. American Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002). Such is the case here. The arbitration provision negotiated by the parties extends only to questions of fact. It is likely that the dispute will also involve legal issues, which the parties did not agree to submit to arbitration. It will be essential, and the parties should advise the arbitrator, to have specific findings regarding any factual questions addressed in the arbitration so that the Court has a complete record upon which to base its legal conclusions and the ultimate determination of the case.

### Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket items

6

6-1, 7-1] but stays the case pending arbitration of the parties' factual disputes pursuant to the Agreement. The case is set for a status hearing on July 22, 2003 at 9:30 a.m.

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge

Date: April 14, 2003